**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 1:24-CV-02784-DDD-STV

FLUX DRIVE, INC,
FLUX DRIVE, LLC,
IMPACT ENGINEERING, INC.,
TRI-TEC MANUFACTURING, LLC,
and PHILIP CORBIN III,

Plaintiffs,

v.

MICHAEL TROY SPARKS
CMONSENSE DESIGN, LLC,
JOHN QIANG RONG,
ZYRCON GLOBAL STRATEGIES, LLP,
LEIGH WANG, and
LIJUAN ZHAO a/k/a LORA ZHAO,

Defendants.

---

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY'S FEES (DKT-89)**

---

## INTRODUCTION

Plaintiffs, by and through their undersigned counsel, hereby submit this Response in Opposition to Defendants John Qiang Rong, Zyrcon Global Strategies, LLP, and Leigh Wang's (collectively, the "Rong Defendants") Motion for Attorney's Fees under C.R.S. § 13-17-201 (Dkt-89). Plaintiffs respectfully request that the Court deny the Motion for the reasons set forth below.

## ARGUMENT

1. **Unreasonable Excessive Hours Claimed**: The Rong Defendants claim $114,663.11 in attorney's fees, which is excessive for the work accomplished, given the early stage of litigation, and the normal work hours attorney's would spend drafting three related Rule 12(b) motions to dismiss and three responses to said related motions all based on very similar sets of facts and law, in particular since nearly all law firms, particularly larger law firms like the Rong defendants' counsel, now all use artificial intelligence to assist in drafting and research, which substantially reduce the time historically spent by law firm employees on drafting legal documents (see https://www.americanbar.org/groups/law_practice/resources/law-technology-today/2024/lessons-from-legal-researchs-past-for-the-genai-powered-legal-technology-of-tomorrow/). Defendants claim unreasonable excessive hours for drafting and review of documents. Defendants claim ful partner hours ($835.00/hr) to follow up confer with pro se defendant Michael T Sparks; since communications at that point in litigation should be strictly related to short conference before filing a motion, and need not be telephonic, and since no discovery notice had been issued by the Rong defendants, plaintiffs see no justification for this charge. There also appears to be redundant work billed; i.e., paralegals billing time for reviewing documents after those same documents already had been finally reviewed by counsel Ruth Turley and/or C. Ottele, thereby unnecessarily double charging for work already accomplished. To date, there has been no discovery, depositions, or hearings, and the case was dismissed for lack of personal jurisdiction without prejudice before substantive proceedings could take place.

2. **Limited Applicability of Claims**: The Rong Defendants are only subject to six of the nine counts in the First Amended Complaint. Two of these counts are statutory claims under C.R.S. 7-74-101 and 18 USC 1836, which form the basis for the other three common law tort counts: fraud, conspiracy, and conversion. Contrary to defendants' assertion in their motion, tort claims here definitely do not predominate. As alleged in the first amended complaint (Dkt-40), the fraud, conspiracy and conversion claims could not independently exist without the two statutory claims against the Rong defendants for Trade Secret Misappropriation. Unjust Enrichment is not a tort claim standing by itself, but is rather the statutory measure of damages allowed by the two Trade Secret statutory claims. These two Trade Secret statutory claims are intertwined with the alleged the three dependent tort claims. The tort claims could not exist independently as alleged, without the two statutory Trade Secret misappropriation claims, and therefore the two statutory claims control and predominate.

3. **Predominantly Statutory Nature of Claims**: Contrary to defendants' cherry picking five words out of the entire complaint to assert that that somehow that 'confirms' plaintiffs' characterizing the defendants conduct as predominately tort in nature is a complete misrepresentation by defendants of all of the allegations in the complaint. The allegations in Paragraphs 14-24 of the first amended complaint (Dkt-40) are completely directed to the statutory claims of misappropriation of Trade Secrets by defendants. The tort claims of conspiracy (to misappropriate the Trade Secrets) (which only first appears in paragraph 25), fraudulent concealment and conversion allegations, is totally dependent

on the existence of the underlying two statutory Trade Secret misappropriation claims; as alleged, the three tort claims are ancillary to, and are totally intertwined with, and dependent on, and could not exist without the alleged two predominant statutory Trade Secret misappropriation claims. The claims against the Rong Defendants do not primarily sound in tort, as asserted by defendants, but rather the claims are predominantly statutory. The tort counts are inextricably linked to, and are completely dependent on, the existence of the two statutory trade secret claims, and thus, the action is not primarily a tort action, but rather alleges statutory violations, each which have their own statutory text for claims for attorney's fees. C.R.S.A. § 13-17-201 mandates attorney's fees only for tort actions dismissed under Rule 12(b), but it does not apply to non-tort claims or mixed actions where only some claims are tort claims.

4. **Legal Precedent**: In Dorsey on behalf of J.D. v. Pueblo School District 60, 215 F.Supp.3d 1092 (2016), the court held that C.R.S.A. § 13-17-201 does not apply to claims dismissed under Rule 12(b) that are not tort claims, nor does it apply to mixed actions where only some claims are tort claims and others are not. This precedent supports the argument that the Rong Defendants' Motion for Attorney's Fees is inapplicable to the present case, since C.R.S.A. § 13-17-201 does not apply given the allegations and claims in this case.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the Rong Defendants' Motion for Attorney's Fees. In any case, the defendants' hours claimed in its

motion, are unreasonable, duplicative and excessive, the claims are predominantly statutory, and the application of C.R.S.A. § 13-17-201 is inappropriate in this context.

Notwithstanding the above, if the Court does determine that some measure of reasonable attorney fees in this case are allowable under C.R.S. 13-17-201, the plaintiffs request appointment of a Special Master to make proper determinations of "reasonable" attorney's fees under law, unless the co-pending Motion for a Stay of these proceedings (Dkt-97) pending final adjudication of the currently pending appeal before the Tenth Circuit Court of Appeals, is granted. In that case final adjudication of the attorney fees question can be delayed until after the pending appeal (Dkt-92).

Respectfully submitted.

Dated, this 15th day of August 2025.

_s/Steven J. Miller_______________________

Steven J. Miller, Esq.
Email: steve@miller-law-offices.com
THE MILLER LAW OFFICES, PLC
12724 Gran Bay Pkwy W. – Suite 410
Jacksonville, FL 32258
Tel.: 305-803-5168
Fax: 305-675-4605
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on this 15th day of August 2025, I electronically filed a true and correct copy of plaintiffs' **PLAINTIFFS OPPOSITION TO RONG DEFENDANTS MOTION FOR ATTORNEY'S FEES** with the Clerk of the Court via the CM/ECF system, which will send notification of such filing and service upon all counsel of record. Pro Se and Non- Appearing Defendants will be served via E-mail and USPS Priority Mail with tracking to the following:

Michael Troy Sparks and Cmonsense Design LLC
E-mails: 983ekimskraps@gmail.com; troy@cmonsensedesign.com
Address: 2450 Buffalo Mountain CT, Loveland, CO 80538

*Pro Se Defendant*

Lijuan Zhao a/k/a Lora Zhao
E-mail: zhao_lijuan8@hotmail.com
Address: 19 Vesper Street, Worcester, MA 01602

*Non-Appeared Defendant*

*s/ Steven J Miller*

Steven J. Miller, Esq.