IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02784-DDD-STV

FLUX DRIVE, INC,
FLUX DRIVE, LLC,
IMPACT ENGINEERING, INC.,
TRI-TEC MANUFACTURING, LLC, and
PHILIP CORBIN III,

    Plaintiffs,

v.

MICHAEL TROY SPARKS,
CMONSENSE DESIGN, LLC,
JOHN QIANG RONG,
ZYRCON GLOBAL STRATEGIES, LLP,
LEIGH WANG, and
LIJUAN ZHAO a/k/a LORA ZHAO,

    Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

Entered by Chief Magistrate Judge Scott T. Varholak

    This matter comes before the Court on the Motion for Attorneys' Fees ("the Motion") [#89], filed by Defendants John Qiang Rong, Zyrcon Global Strategies, LLP, and Leigh Wang (collectively the "Rong/Wang Defendants"). The Motion has been referred to this Court. [#91] The Court has carefully considered the Motion and related briefing, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, the Court respectfully **RECOMMENDS** that the Motion be **GRANTED**.

I.     BACKGROUND

The facts of this matter are discussed in detail in the Court's previous Recommendation.  [*See* #82]  The facts relevant to this Motion are as follows.

On October 8, 2024, Plaintiffs initiated this action.  [#1]  The operative Complaint generally alleges that the Rong/Wang Defendants conspired with Defendant Sparks and his company, CMONSense Design LLC ("CMONSense"), and presumably Defendant Lijuan Zhao (though Defendant Zhao is mentioned only once in the Complaint), to misappropriate Plaintiffs' trade secrets.  [#82 at 3]  The operative Complaint asserts nine causes of action: (1) fraudulent concealment under Colorado common law against all Defendants [#40 at ¶¶ 33-35]; (2) breach of Defendant Sparks' FDL operating agreement against Defendant Sparks [*id.* at ¶¶ 36-39]; (3) breach of Defendant Sparks' FDL intellectual property operating agreement against Defendant Sparks [*id.* at ¶¶ 40-43]; (4) breach of Defendant Sparks' Tri-Tec employment agreement against Defendant Sparks [*id.* at ¶¶ 44-47]; (5) misappropriation of trade secrets in violation of the Colorado Uniform Trade Secrets Act, Colo. Rev. Stat. § 7-74-101, *et seq.*, against all Defendants [*id.* at ¶¶ 48-52]; (6) violation of the Defense of Trade Secrets Act, 18 U.S.C. § 1836, *et seq.*, against all Defendants [*id.* at ¶¶ 53-61]; (7) civil conspiracy against all Defendants [*id.* at ¶¶ 62-69]; (8) unjust enrichment against all Defendants [*id.* at ¶¶ 70-76]; and (9) conversion against all Defendants [*id.* at ¶¶ 77-79].

On January 16, 2025, the Rong/Wang Defendants moved to dismiss the claims against them, arguing that this Court lacked personal jurisdiction over them (the "Rong/Wang Motion to Dismiss").  [#45]  On May 28, 2025, this Court recommended that the Rong/Wang Motion to Dismiss be granted.  [#82]  Plaintiffs objected to that

2

Recommendation [#83] but on July 11, 2025, United States District Judge Daniel D. Domenico overruled that objection, adopted the Recommendation, and dismissed the claims against the Rong/Wang Defendants for lack of personal jurisdiction. [#87]

On July 25, 2025, the Rong/Wang Defendants filed the instant Motion seeking $114,663.11 in attorneys' fees pursuant to Colo. Rev. Stat. § 13-17-201. [#89] Plaintiffs have responded to the Motion [#101] and the Rong/Wang Defendants have replied [#107].

## II.   ENTITLEMENT TO FEES AND COSTS[1]

"The American Rule generally requires that each party bear his or its own attorney's fees in civil litigation. However, there are certain exceptions to that rule." *Collins v. Diversified Consultants, Inc.*, No. 15-cv-02115-RBJ-NYW, 2018 WL 10878005, at *4 (D. Colo. Feb. 7, 2018). Defendants contend they are entitled to attorneys' fees under Colorado Revised Statute §13-17-201. [#89 at 4-6] That Section provides in relevant part:

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other persons, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure ["CRCP"], such defendant shall have judgment for his reasonable attorney fees in defending the action.

The statute also provides fees in the case of dismissal in federal court under Federal Rule of Civil Procedure 12(b), which is "substantively identical" to Colorado's Rule

---

[1] Although Plaintiffs have appealed Judge Domenico's dismissal of their claims against the Rong/Wang Defendants, this Court retains jurisdiction over the instant Motion: "[T]he general rule is that, when a litigant files a notice of appeal, the district court loses jurisdiction over the case, save for collateral matters not involved in the appeal." *McKissick v. Yuen*, 618 F.3d 1177, 1196 (10th Cir. 2010) (internal quotation omitted). "But an award of attorney fees for the case at issue is perhaps the paradigmatic example of a collateral issue a district court may entertain after an appeal has been taken." *Id*.

3

12(b). *Zerr v. Johnson*, 905 F. Supp. 872, 875 (D. Colo. 1995), *aff'd* 120 F.3d 372 (10th Cir. 1997); *Brammer–Hoelter v. Twin Peak Charter Acad.*, 81 F. Supp. 2d 1090, 1102 (D. Colo. 2000).[2]

"Both the plain language of [section 201] and numerous court decisions make clear that an award of attorney fees is mandatory when a trial court dismisses an action under Rule 12(b)." *Infant Swimming Rsch., Inc. v. Faegre & Benson, LLP*, 335 F. App'x 707, 715-16 (10th Cir. 2009); *Craters & Freighters Franchise Co. v. Benz*, No. 16-cv-02951-JLK, 2018 WL 10911746, at *1 (D. Colo. Nov. 30, 2018).  However, "a defendant must prevail on the entire action as to that defendant under Rule 12(b), and on no other grounds, in order to recover fees." *Jones v. Haga*, No. 05-cv-02268-PSF-CBS, 2007 WL 433126, at *2 (D. Colo. 2007); *see also Barton v. Law Offices of John W. McKendree*, 126 P.3d 313, 314-15 (Colo. App. 2005) (denying fees where tort claim dismissed for failure to file certificate of review).  The requesting party bears the burden of establishing entitlement to fees by a preponderance of the evidence. *Haynes v. City of Gunnison*, 214 F.Supp.2d 1119, 1120 (D. Colo. 2002) (citing *Am. Water Dev., Inc. v. City of Alamosa*, 874 P.2d 352, 383 (Colo. 1994)).

"The statute is not limited to 'state torts'; it also applies to 'federal statutory tort[s].'"  *Sticky.io, Inc. v. Martingale Software, LLC*, No. 21-cv-00664-RM-STV, 2022 WL 1061911, at *1 (D. Colo. Apr. 8, 2022) (quoting *U.S. Fax Law Ctr., Inc. v. Henry Schein, Inc.*, 205 P.3d 512, 517 (Colo. App. 2009)).  "And it applies where both tort and

---

[2] Section 201 has been found to be substantive, rather than procedural.  *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000) (finding section 201 to be substantive law), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002); *MacIntyre v. JP Morgan Chase Bank, N.A.*, No. 19-cv-00172-DDD-NYW, 2019 WL 5084091, at *3 (D. Colo. Oct. 10, 2019) (same).

4

non-tort claims are pled." *Id.* (citing *See Torres v. Am. Fam. Mut. Ins. Co.*, 606 F. Supp. 2d 1286, 1292 (D. Colo. Feb. 9, 2009)). "When an action contains a mix of tort and other claims, fees may be awarded under [Section] 13-17-201 if the action is primarily a tort action. *Id.* (citing *U.S. Fax Law Ctr.*, 205 P.3d at 517-518).

Here, the Complaint generally alleges that the Rong/Wang Defendants conspired with the other Defendants to steal Plaintiff Flux Drive, Inc.'s trade secrets. [#40 at ¶¶ 15-17, 24, 26] It further alleges that Defendant Sparks conspired with the Rong/Wang Defendants to intentionally breach Defendant Sparks' employment and confidentiality agreements with Plaintiffs Flux Drive, LLC and Tri-Tec Manufacturing LLC. [*Id.* at ¶ 25] Ultimately, these actions allegedly resulted in non-party PRD Technologies, Ltd. improperly manufacturing Plaintiffs' products and selling those products. [*Id.* at ¶ 31]

The Court has little difficulty finding that this action sounds in tort. "Misappropriation . . . and fraud are torts, notwithstanding [Plaintiffs'] reliance on [a] federal statute[ ] for [one] of [their] claims." *Sticky.io, Inc.*, 2022 WL 1061911, at *1 (citing *U.S. Fax Law Ctr.*, 205 P.3d at 517). And courts have similarly found that conversion claims sound in tort for purposes of Section 13-17-201. *Larieviere, Grubman & Payne, LLP v. Phillips*, No. 07-cv-01723-WYD-CBS, 2010 WL 4683870, at *3 (D. Colo. Nov. 10, 2010). In short, the claims against the Rong/Wang Defendants all revolve around allegations that these Defendants tortiously acted to interfere with Defendants Sparks' employment and confidentiality agreements with Plaintiffs and thereafter conspired to steal Plaintiffs' trade secrets. Those claims sound in tort and Section 13-17-201 therefore applies.

The only case cited by Plaintiffs is inapposite. [#101 at 4 (citing *Dorsey on behalf of J.D. v. Pueblo Sch. Dist. 60*, 215 F. Supp. 3d 1092 (D. Colo. 2016))] In *Dorsey*, the court refused to apply Section 13-17-201 because some of the plaintiff's claims remained pending and "by its own terms [Section] 13-17-201 applies only when the entire '*action* is dismissed,' not when only some *claims* are dismissed." 215 F. Supp. 3d at 1093 (quoting Colo. Rev. Stat. § 13-17-201) (emphasis in original). The Court fails to understand how *Dorsey* supports Plaintiffs' position given that all claims against the Rong/Wang Defendants were dismissed. And the Tenth Circuit has held that under Section 13-17-201 "a court must award a prevailing defendant attorney fees and costs when all the tort claims against that party were dismissed on a [Rule 12(b)] motion." *Brody v. Bruner as Tr. of Bruner Fam. Tr.*, No. 23-1102, 2024 WL 1912555, at *11 (10th Cir. May 1, 2024) (citing *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000)); *see also Stauffer v. Stegemann*, 165 P.3d 713, 718 (Colo. App. 2006) (affirming award of attorney fees pursuant to Section 13-17-201 despite the fact that claims remained against other defendants); *Smith v. Town of Snowmass Vill.*, 919 P.2d 868, 873 (Colo. App. 1996) (same).

Thus, the Court concludes that the Rong/Wang Defendants are entitled to an award of their attorneys' fees pursuant to Section 13-17-201. The Court will address the fee calculation in Part III, *infra*.

### III. AWARD CALCULATION

Having found that the Rong/Wang Defendants are entitled to a fee award, the Court now turns to calculating that award. Determining the amount of a fees award is within the sound discretion of the district court. *Wright v. U-let-Us Skycap Servs., Inc.*,

6

648 F. Supp. 1216, 1218 (D. Colo. 1986).  Calculation of attorney's fees awards is based on the "lodestar" amount, which represents the number of hours reasonably expended multiplied by a reasonable hourly rate.  *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  *Id.* (quotations omitted); *see also Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986) (same).  From there, the reasonableness of hourly rates and hours expended is a question of fact for the trial court.  *Hartman v. Freedman*, 591 P.2d 1318, 1322 (Colo. 1979); *Walker Group, Inc. v. First Layer Communications, Inc.*, No. 03-cv-01973-PSF-MJW, 2006 WL 8454026, at *1 (D. Colo. Sept. 29, 2006).  In determining the reasonableness of hours expended, the Court considers the following factors:

> (1) whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are sufficiently detailed, showing how much time was allotted to a specific task.

*Garcia v. Ensign United States Drilling Inc.*, No. 15-cv-02372-CMA-KMT, 2017 WL 11545513, at *1 (D. Colo. July 24, 2017) (citing *Rocky Mountain Christian Church v. Bd. of Cnty. Comm'rs of Boulder Cnty.,* No. 06-CV-00554-REB-BNB, 2010 WL 3703224, at *2-3 (D. Colo. Sept. 13, 2010)).  "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  And the Court should likewise "exclude . . . hours that were not reasonably expended."  *Id.*

7

(quotations omitted). The Court, however, "need not identify and justify every hour allowed or disallowed." *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996).

This Court has reviewed the affidavit and detailed hourly accounting submitted by the Rong/Wang Defendants. [##89-1; 89-2] The amounts billed are tracked to the tenth of an hour and counsel did not engage in any block billing. [#89-2] Where appropriate defense counsel reduced hours. [*Id.* at 7-8, 13-14, 18-19, 27, 30] And though the case was dismissed at the motion to dismiss stage, defense counsel's work was complicated by the fact that Plaintiffs were given leave to amend and, as a result, multiple motions to dismiss were filed. [*Id.* at 7-8, 13-14, 18-19, 34] Additionally, the Rong/Wang Defendants needed to respond to Plaintiffs' objections to this Court's Recommendation of dismissal. [*Id.* at 34]

Though Plaintiffs object to the reasonableness of the Rong/Wang Defendants' fees, they spend only a page doing so and offer few specific objections. [#101 at 2] According to Plaintiffs:

> Defendants claim ful [sic] partner hours ($835.00/hr) to follow up confer with pro se defendant Michael T Sparks; since communications at this point in litigation should be strictly related to short conference before filing a motion, and need not be telephonic, and since no discovery notice had been issued by the Rong defendant, plaintiffs see no justification for this charge.

*Id.* But Plaintiffs fail to explain why it was unreasonable to confer with pro se Defendant Sparks (apparently about the scheduling order [#89-2 at 26]) when Plaintiffs' counsel also conferred with counsel for the Rong/Wang Defendants about the scheduling order [*id.*]. Certainly Plaintiffs are not arguing that Defendant Sparks was not entitled to give his input on the proposed scheduling order. And the Court fails to understand how telephonic communications would be less efficient than other forms of communication.

8

Plaintiffs' only other specific objection is that there "appears to be redundant work billed; i.e., paralegals billing for reviewing documents after those same documents already had been finally reviewed by counsel . . . thereby unnecessarily double charging for work already accomplished."  [#101 at 2]  Plaintiffs do not cite to any specific examples of this double billing.  Nor do Plaintiffs explain how they would know that the documents "had been finally reviewed by counsel."  [*Id.*]  And, as the Rong/Wang Defendants aptly note, "[p]aralegals perform document review, organizational tasks, and case administration that complement attorney work, and they could not perform that work without their own review of the critical filings and documents."  [#107 at 5]

Though not a specific objection, Plaintiffs generally argue that defense counsel should have spent less time on their written product because large firms now generally use artificial intelligence.  [#101 at 2]  Because this Court cannot put it any better, it will simply cite to the Rong/Wang Defendants' response to this argument:

> Consistent with Rule 11, [defense] counsel verifies every case cited through standard legal research databases such as Westlaw and would never use artificial intelligence as a substitute for [their] duties to the Court of submitting arguments ground in legal authority.  Judge Wang recently made national headlines for sanctioning counsel for using artificial intelligence.  *Coomer v. Lindell*, No. 22-cv-01129-NYW-SBP, 2025 WL 1865282 (D. Colo. July 07, 2025).  The [Rong/Wang] Defendants cannot be punished for selecting counsel that understands the ethical risks of reliance on artificial intelligence.

[#107 at 6]

In short, defense counsel expended reasonable resources defending the action, provided detailed records of time spent, and made a good faith effort to discount fees where appropriate.  The Court thus concludes that the hours expended were reasonable.

9

The Court next turns to the reasonableness of the rates charged by Defendants' counsel.  A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience.  *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002).  Attorney Christopher L. Ottele billed at a rate of $835 per hour.  [#89-1 at ¶ 6]  Mr. Ottele is a shareholder at Brownstein Hyatt Farber Schreck, LLP ("BHFS").  [*Id.*]  He is a Chambers-ranked labor and employment attorney with 26 years of litigation experience.  [*Id.* at ¶ 7]  Ruth A. Tarley billed at a rate of $465 per hour.  [*Id.* at ¶ 6]  She is a second-year associate at BHFS with a Master's of Business Administration.  [*Id.* at ¶¶ 6, 8]  Finally, BHFS paralegals Layonna Cruz and James Muse billed at rates of $355 and $315 per hour, respectively.[3]  [*Id.* at ¶¶ 6, 10]  Ms. Cruz has over ten years of paralegal experience and Mr. Muse has over four years of paralegal experience.  [*Id.* at ¶¶ 9-10]  The rates for Mr. Ottele and the paralegals might be slightly higher than those routinely approved in this district.  *See, e.g.*, *United States for use & benefit of RME Ltd., LLC v. Intact Ins. Grp. USA, LLC*, No. 21-cv-03285-CMA-SKC, 2023 WL 2837340, at *4-5 (D. Colo. Apr. 7, 2023) (approving rates between $585 and $650 per hour for partners, $380 through $435 per hour for associate attorneys, and $305 per hour for summer associates); *Snyder v. ACORD Corp.*, No. 14-cv-01736-JLK, 2019 WL 319407, at *8-9 (D. Colo. Jan. 24, 2019) (approving rates of $625 per hour for partners, $425 per hour for associates, and $200 per hour for paralegals); *Biax Corp. v. NVIDIA Corp.*, No. 09-cv-01257-PAB-MEH, 2013 WL 4051908, at *6-7 (D. Colo. Aug. 12, 2013) (finding as reasonable rates of

---

[3] Mr. Muse billed at rates ranging from $310 to $400 per hour [*id.* at ¶ 6] but, through this Motion, the Rong/Wang Defendants are only seeking fees at a reduced rate of $315 per hour [*id.* at ¶ 10].

10

approximately $585 to $740 per hour for partners and $425 to $530 per hour for associates). Nonetheless, the Court is also cognizant of these individuals' experience as well as the fact that trade secret litigation tends to require specialized knowledge and skill, thereby often justifying increased rates. *See Ice Corp. v. Hamilton Sundstrand Corp.*, 2010 WL 4683981, at *5 (D. Kan. Nov. 12, 2010) (noting that trade secret litigation often requires "specialized legal services" and thus higher billing rates). And Plaintiffs have not challenged the rates charged by counsel for the Rong/Wang Defendants. [#101] Thus, the Court finds these rates to be reasonable.

In sum, the Court finds that the Rong/Wang Defendants have adequately established the reasonableness of the $114,663.11 in attorneys' fees sought. And the Court does not find that any adjustment of this number is necessary, particularly where the Rong/Wang Defendants obtained all of the relief that they sought, and in a reasonably expeditious manner. *Stroup v. United Airlines, Inc.*, No. 15-cv-01389-WYD-STV, 2018 WL 10613861, at *2 (D. Colo. Dec. 5, 2018) ("[The] most critical factor in determining the reasonableness of a fee award is the degree of success obtained." (quotation omitted)). Thus, the Court respectfully RECOMMENDS that the Rong/Wang Defendants be awarded $114,663.11 in attorneys' fees.[4]

---

[4] Plaintiffs ask that a Special Master be appointed to determine the reasonableness of the fee request. [#101 at 4] Plaintiffs provide no argument in support of this request, and the Court sees no reason to force the parties to bear the expense of a Special Master when this Court (and ultimately Judge Domenico) can review the fees sought and determine their reasonableness.

11

IV.     **CONCLUSION**

For the foregoing reasons, the Court respectfully **RECOMMENDS** that the Motion for Attorneys' Fees be **GRANTED** and that the Rong/Wang Defendants be awarded $114,663.11 in attorneys' fees.[5]

DATED:  October 14, 2025                    BY THE COURT:

                                                                    s/Scott T. Varholak
                                                                    United States Magistrate Judge

---

[5] Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings of fact, legal conclusions, and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review."  *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings of fact, legal conclusions, and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (holding that the district court's decision to review magistrate judge's recommendation *de novo* despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).