IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Civil Action No. 1:24-cv-02784-DDD-STV

FLUX DRIVE, INC.;
FLUX DRIVE, LLC;
IMPACT ENGINEERING, INC.;
TRI-TEC MANUFACTURING, LLC; and
PHILIP CORBIN III,

    Plaintiffs,

v.

MICHAEL TROY SPARKS;
CMONSENSE DESIGN, LLC;
JOHN QIANG RONG;
ZYRCON GLOBAL STRATEGIES, LLP;
LEIGH WANG; and
LIJUAN ZHAO a/k/a LORA ZHAO,

    Defendants.

## ORDER

Magistrate Judge Scott T. Varholak recommended granting Defendants John Qiang Rong, Zyrcon Global Strategies, LLP, and Leigh Wang's Motion for Attorney's Fees, Doc. 89. Doc. 114. Plaintiffs timely filed Objections, Doc. 116, and the moving Defendants untimely filed a Response, Doc. 117. I *sua sponte* issue a Rule 54(b) certification as to the moving Defendants and find Plaintiff's Objections moot.

### BACKGROUND

On October 8, 2024, Plaintiffs filed a Complaint initiating this case. Doc. 1. They filed a First Amended Complaint on January 2, 2025, asserting nine causes of action: Count I, fraudulent concealment against

- 1 -

all Defendants; Counts II–IV, breach of contract against Defendant Michael Troy Sparks; Count V, misappropriation of trade secrets against all Defendants; Count VI violation of Federal Defense of Trade Secrets Act against all Defendants; Count VII, civil liability for a conspiracy with joint liability against all Defendants; Count VIII unjust enrichment against all Defendants; and Count IX, conversion against all Defendants. Doc. 40.

On January 16, Defendants Rong, Zyrcon, and Wang moved to dismiss Plaintiffs' First Amended Complaint for lack of personal jurisdiction. Doc. 45. On February 19, February 26, and March 3, Mr. Sparks, proceeding pro se, moved to dismiss. Docs. 59, 62, 65. On April 17, Defendant Sparks filed an Amended Motion to Dismiss.[1] Doc. 74.

On May 28, Judge Varholak recommended granting Defendants Rong, Zyrcon, and Wang's Motion and denying Defendant Stark's Motion. Doc. 82. On June 11, Plaintiffs timely filed Objections to the Report and Recommendation and a Motion for Leave to File a Second Amended Complaint. Docs. 83–84. On June 25, Defendants Rong, Zyrcon, and Wang filed a Response to the former. Doc. 85. On July 11, 2025, I overruled Plaintiffs' Objections, accepted and adopted Judge Varholak's Report and Recommendation, denied Plaintiffs' Motion for Leave to File a Second Amended Complaint, granted Defendants Rong, Zyrcon, and Wang's Motion to Dismiss, dismissed Defendants Rong, Zyrcon, and Wang without prejudice for lack of personal jurisdiction, and denied Defendant Stark's Motion to Dismiss. Docs. 87–88.

---

[1] Mr. Sparks has not challenged Plaintiffs' allegation that he resides in Colorado and is the sole managing member of a Colorado limited liability company—Defendant CMONSense Design, LLC—and in fact acknowledged he "relocate[d] to Colorado." Doc. 40 ¶ 6; Doc. 74 ¶ 4.

On July 25, Defendants Rong, Zyrcon, and Wang filed the instant Motion for Attorney's Fees and a Proposed Bill of Costs. Docs. 89–90. On August 8, Plaintiffs filed a Notice of Appeal of my July 11 Orders and Objections to the Bill of Costs. Docs. 92–93. On August 12, the Clerk of Court rejected the Proposed Bill of Costs "because a Final Judgment has not yet been entered." Doc. 96. Three days later, Plaintiffs responded to the Motion for Attorney Fees and the moving Defendants filed a Reply on August 29. Docs. 101, 107. On September 9 and 23, the Clerk entered default against CMONSense Design, LLC and Mr. Zhao, respectively. Docs. 110, 112.

On October 14, Judge Varholak issued a Report and Recommendation to grant the Motion for Attorney's Fees. Doc. 114. Plaintiffs objected on October 28 and the moving Defendants responded to the Objections on November 12, 2025. Docs. 116–17.

## STANDARD OF REVIEW

### I. Report and Recommendation

When reviewing a magistrate judge's order that is not dispositive of a party's claim or defense, a Court should "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The magistrate judge's factual findings may not be set aside unless "on the entire evidence [the court] is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Residences at Olde Town Square Assoc. v. Travelers Cas. Ins. Co. of Am.*, 413 F. Supp. 3d 1070, 1072 (D. Colo. 2019) (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)). The legal determinations may be set aside if the magistrate judge applied the wrong legal standard or applied the appropriate legal standard incorrectly. *Olde Town Square,* 413 F. Supp. 3d at 1072 (citing 12 Charles Alan

Wright & Arthur R. Miller, Federal Practice and Procedure § 3069 (2d ed.)).

## II. Fed. R. Civ. P. 54(b)

In an action involving multiple claims and parties, a district court may direct entry of final judgment as to fewer than all parties "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

> [A] certification under Rule 54(b) is only appropriate when a district court adheres strictly to the rule's requirement that a court make two express determinations. First, the district court must determine that the order it is certifying is a final order. . . . Second, the district court must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case.

*Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (internal citations omitted). To be considered "final," a partial judgment under Rule 54(b) must dispose of claims that are "distinct and separable from the claims left unresolved." *Id.* at 1242–43. In evaluating whether there is "no just reason for delay[ing]" review of a final order, "a district court must take into account judicial administrative interests as well as the equities involved." *Deffenbaugh Indus., Inc. v. Unified Gov't of Wyandotte County*, No. 22-3147, 2023 WL 4363439, at *11 (10th Cir. July 6, 2023) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). The district court must "set forth its reasons, albeit briefly, supporting a determination of finality and no just reason for delay." *Stockman's Water Co., LLC v. Vaca Partners*, 425 F.3d 1263, 1266 (10th Cir. 2005).

## DISCUSSION

Plaintiffs object Defendants Rong, Zyrcon, and Wang's Motion for Attorney's Fees is premature because a final order has not been issued

under Federal Rule of Civil Procedure 54. Doc. 116. They assert "Rule 54(b) requires, in multi-party cases, an express determination that there is no just reason for delay and a direction for entry of judgment before an order adjudicating fewer than all claims or parties becomes final" and the Court has made no such determination here. *Id.* at 2–3. Plaintiffs request that I either "reject" the Report and Recommendation or defer ruling on the Motion until either I enter a "Rule 54(b) certification with an express no-just-reason-for-delay finding and directs entry of judgment, or (b) the Tenth Circuit resolves the pending jurisdictional issue regarding finality." Doc. 116 at 5.

## I.   Plaintiffs' Objections

Both Plaintiffs' Objections and Defendants' Response are procedurally deficient. Defendants' Response is untimely and Plaintiffs waived their Objections.

Federal Rule of Civil Procedure 72(b)(2) permits objections within 14 days of being served with magistrate judges' recommendations and responses within 14 days after being served with the objections. Here, Plaintiffs timely filed their October 28 Objections to the October 14 Report and Recommendation but Defendants filed their Response one day late—on November 12.

As for Plaintiffs, Defendants correctly argue that Plaintiffs waived their Objections by failing to raise them in their Response to the Motion. Doc. 117 at 5; Doc. 101. The Tenth Circuit has long held that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (internal citations omitted); *accord Swan v. Friot*, No. 24-6147, 2024 WL 4564057, at *2 (10th Cir. Oct. 24, 2024); *Wade v. Fairbairn*, No. 24-1101, 2024 WL 2368883, at *3 (10th Cir. May 23, 2024). Plaintiffs thus waived these arguments.

Even if Plaintiffs had not waived their Objections, their arguments would likely fail under the plain language of Rule 54. The Motion seeks an attorney's fee award under Rule 54(d)(2). Doc. 89. Rule 54(d)(2)(B)(i) sets a deadline for such motions: "no later than 14 days after the entry of judgment." But it is silent about when these motions would be premature. *See Brody v. Bruner as trustee of Bruner Fam. Tr.*, No. 19-cv-01091-RM-NRN, 2023 WL 2308534, at *6 (D. Colo. Mar. 1, 2023) ("The plain language of the rule provides a deadline by which a motion for attorney's fees must be filed[ ] but Plaintiff cites no authority for the proposition that Fed. R. Civ. P. 54(d)(2) creates a ripeness requirement, and the Court declines to infer such a requirement under the circumstances, where all claims against the BFT Defendants have been dismissed with prejudice."), *aff'd*, No. 23-1102, 2024 WL 1912555 (10th Cir. May 1, 2024); Fed. R. Civ. P. 54(d)(2)(B) Advisory Committee Notes to 1993 Amendment ("The rule . . . permits the court to require submissions of fee claims in advance of entry of judgment."). *But see Xlear, Inc. v. Focus Nutrition, LLC*, 893 F.3d 1227, 1234-36 (10th Cir. 2018) ("entry of a judgment is a prerequisite for a Rule 54 motion for attorneys' fees" but finding that a Rule 41(a)(1)(A)(ii) stipulation of dismissal produced a judgment for purposes of Rule 54(d) where the stipulation permitted both sides to seek attorney fees). Because I am proceeding with a Rule 54(b) certification, I need not find whether the Motion is premature and find Plaintiffs' Objections moot.

## II.     Fed. R. Civ. P. 54(b) Certification

My Orders accepting and adopting Judge Varholak's Report and Recommendation, denying Plaintiffs' Motion for Leave to File a Second Amended Complaint, granting Defendants Rong, Zyrcon, and Wang's Motion to Dismiss, and dismissing them for lack of personal jurisdiction are final with respect to Plaintiffs' claims against these Defendants.

Docs. 87–88. The remaining claims are Plaintiffs' breach of contract claims against Mr. Sparks and fraudulent concealment, misappropriation of trade secrets, violation of Federal Defense of Trade Secrets Act, civil liability for a conspiracy with joint liability, unjust enrichment, and conversion against all remaining Defendants—CMONSense Design, LLC, Mr. Zhao, and Mr. Sparks.

The only issues remaining as to Defendants Rong, Zyrcon, and Wang are personal jurisdiction, attorney's fees, and costs. These are "relatively narrow" and severable from the merits. *Wyles v. Sussman*, No. 17-cv-01868-RBJ, 2019 WL 8223563, at *1 (D. Colo. Mar. 22, 2019) ("The issues involving Mr. Brady are relatively narrow – personal jurisdiction and attorney's fees. I do not find that there is any compelling reason to make the parties wait indefinitely to get a final answer on those issues. . . . no just reason for delay of plaintiff's appeal of this Court's dismissal without prejudice of his claims against Mr. Brady and the related attorney's fee award"), *aff'd sub nom. Wyles v. Brady*, 822 F. App'x 690 (10th Cir. 2020); *see also Butler v. Daimler Trucks N. Am., LLC*, No. 2:19-cv-2377-JAR-JPO, 2021 WL 492427, at *2 (D. Kan. Feb. 10, 2021) ("Rule 54(b) certification may be appropriate in certain cases 'where some, but not all, defendants are dismissed for lack of personal jurisdiction and the jurisdictional questions are independent of the merits of the underlying claims,' because certification may 'resolv[e] jurisdictional issues at the outset of the litigation' and "obviate the need for a second trial"" (internal citations omitted)); *Gould v. Wyse*, No. 1:19-cv-00382 WJ/JFR, 2022 WL 2116705, at *2 (D.N.M. June 13, 2022) (finding "no just reason exists to delay the entry of judgment" where "[t]he question of personal jurisdiction for these defendants is separable from the other claims remaining in the lawsuit (i.e., the merits of the case), and no appellate court would need to decide the personal jurisdiction question more than

once"), *aff'd*, No. 22-2075, 2023 WL 4994511 (10th Cir. Aug. 4, 2023).[2] A Rule 54(b) certification of these jurisdictional dismissals efficiently administers justice. *See Deffenbaugh Indus., Inc.*, 2023 WL 4363439, at *11; *Hinkle*, 2018 WL 10096593, at *2; *Lester*, 2012 WL 3596517, at *1; *Grand River Enters. Six Nations, Ltd.*, 2004 WL 2480433, at *2. Indeed, Plaintiff already has a pending appeal of these Orders, Doc. 92, and I do not find "any compelling reason to make the parties wait indefinitely to get a final answer on those issues." *Wyles*, 2019 WL 8223563, at *1. Thus, there is no just reason for delay of the entry of judgment as to Defendants Rong, Zyrcon, and Wang.

---

[2] *See also Hinkle v. Cont'l Motors, Inc.*, No. 8:16-cv-2966-T-36MAP, 2018 WL 10096593, at *2 (M.D. Fla. Jan. 8, 2018) ("The efficient administration of justice may be served by resolving jurisdictional issues at the outset of litigation because it 'may obviate the need for a second trial' . . . where some, but not all, defendants are dismissed for lack of personal jurisdiction and the jurisdictional questions are independent of the merits of the underlying claims, courts have routinely found no just reason for delay of entering final judgment in favor of those dismissed defendants."); *Lester v. Presto Lifts, Inc.*, No. CV 12-398-PHX-PGR, 2012 WL 3596517, at *1 (D. Ariz. Aug. 21, 2012) (finding "no just reason to delay entry of judgment" where "the Court's order addressed only personal jurisdiction, an issue which is 'easily severable from the merits of the lawsuit'" and "[i]t is not evident. . . how an order allowing [plaintiff] to immediately appeal this Court's ruling on personal jurisdiction would result in multiple appellate decisions or duplicate proceedings concerning the issue or otherwise impede the 'efficient administration of justice.'" (internal citations omitted)); *Bush v. Adams*, 629 F. Supp. 2d 468, 472 (E.D. Pa. 2009) ("Courts have routinely entered judgment under Rule 54(b) in multi-defendant cases where some but not all defendants are dismissed for want of personal jurisdiction"); *Grand River Enters. Six Nations, Ltd. v. Pryor*, No. 02 CIV. 5068 (JFK), 2004 WL 2480433, at *2 (S.D.N.Y. Nov. 3, 2004) ("While the Court in no way hesitates as to the propriety of its previous [personal jurisdiction dismissals and Rule 12(b)(6) dismissal] orders, [granting a Rule 54(b) certification] is the more efficient [path] and better serves judicial economy in the event of a reversal."), *aff'd*, 425 F.3d 158 (2d Cir. 2005).

## CONCLUSION

It is therefore **ORDERED** that:

Pursuant to Federal Rule of Civil Procedure 54(b), the Clerk of Court is **DIRECTED** to enter partial final judgment in favor of Defendants John Qiang Rong, Zyrcon Global Strategies, LLP, and Leigh Wang and against Plaintiffs Flux Drive, Inc., Flux Drive, LLC, Impact Engineering, Inc., Tri-Tec Manufacturing, LLC, and Philip Corbin III in accordance with Docs. 87 and 88, this Order, and the other orders filed during the pendency of this case;

Plaintiffs' Objections to Magistrate Judge Varholak's Report and Recommendation, **Doc. 116**, are **MOOT**;

Magistrate Judge Varholak's Report and Recommendation, **Doc. 114**, is **ACCEPTED** and **ADOPTED**;

Defendants Rong, Zyrcon, and Wang's Motion for Attorney's Fees, **Doc. 89**, is **GRANTED**; and

Defendants Rong, Zyrcon, and Wang are **AWARDED** $114,663.11 in attorney's fees.

DATED: December 10, 2025          BY THE COURT:

~~Daniel D.~~ Domenico
United States District Judge